UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-62378

VIRGINIA PICCIRILLO,

    Plaintiff,

v.

CITY OF PEMBROKE PINES, PEMBROKE
PINES POLICE DEPARTMENT, and KEVIN
D. BURGS,

    Defendants.

_____/

**DEFENDANT, CITY OF PEMBROKE PINES'S,
MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, CITY OF PEMBROKE PINES (the "City"), moves for entry of an order dismissing the claims filed by the Plaintiff, VIRGINIA PICCIRILLO, in the Complaint dated October 14, 2015 ("Complaint"), and states as follows:

**I.  Introduction**

    1.    Plaintiff sued the City and one of its police officers, Kevin Burgs, alleging that she was discriminated against and subjected to retaliation after she complained about the discrimination.  Plaintiff also alleges that Officer Burgs improperly conducted an illegal detention of Plaintiff at her residence in violation of the Fourth Amendment.

    2.    Plaintiff's claims are all defective.

    3.    Plaintiff's discrimination and retaliation claims allegedly arise under Title VII (42 USC §2000e, et. seq.) and the Florida Civil Rights Act.  Complaint (DE 1, Counts I-IV).

Plaintiff's claims fail because while Plaintiff summarily claims that she was *"discriminated against"* and *"retaliated against,"* Plaintiff fails to allege any adverse employment action and has not and can not identify a single individual that was treated more favorably.

4.    Plaintiff's § 1983 claim against the City fails because Plaintiff has not alleged an official policy or custom of the City which caused Plaintiff's alleged constitutional deprivation.  The sole allegation of constitutional misconduct by the City's police officers is Plaintiff's incident itself.

**WHEREFORE**, Defendant, City of Pembroke Pines, respectfully requests that this honorable Court enter an order dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted.

## Memorandum of Law

**A.    No Valid Claims for Sex Discrimination or Retaliation under Title VII or the Florida Civil Rights Act (Counts I, II, III, and IV)**

### 1.    No Sufficient Comparator

Plaintiff's claims that she was *"discriminated against"* on the basis of her sex and *"retaliated against"* after the she complained about the discrimination fail for at least two reasons.  First, Plaintiff has failed to identify a similarly situated employee outside her protected class that was treated more favorably.  The Eleventh Circuit has explained that the individual identified as the comparator must be similarly situated *"in all relevant respects"* and that the comparator must be *"nearly identical to the plaintiff."* See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir.1997) (*"all relevant respects"*); Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir.1999) (*"nearly identical"*).  This emphasis on similarity prevents

*"courts from second-guessing employers' reasonable decisions and confusing apples with oranges."* Burke-Fowler v. Orange County, Fl, 447 F.3d 1319,1323 (11th Cir 2006) (quotation omitted).

The Complaint is **silent** as to how Plaintiff was *"discriminated against"* or *"retaliated against"* and who was treated differently. Plaintiff failed to identify even one male employee who was similarly situated to her *"in all relevant respects"* and who was *"nearly identical"* to her. In the absence of such basic facts, the Complaint fails to state a *prima facie* claims of disparate treatment and retaliation under Title VII and the Florida Civil Rights Act.[1]

### 2. No Adverse Employment Action

Even if Plaintiff could identify a sufficient comparator (which she failed to do), her claims for disparate treatment and retaliation independently fail because she did not suffer adverse employment action. The Eleventh Circuit has held that merely trivial intangible (and insubstantial) changes in job conditions do not constitute adverse employment action:

> *To prove adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a serious and material change in the terms, conditions, or privileges of employment. Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances.*

Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239-40 (11th Cir. 2001); see also Stavropoulos v. Firestone, 361 F.3d 610, 616-17 (11th Cir. 2004); Gupta v. Florida Board

---

[1] Claims under the Florida Civil Rights Act are analyzed in the same manner as claims brought under Title VII. Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 843 n.11 (11th Cir. 2000); Wilbur v. Corr. Services Corp., 393 F.3d 1192, 1195 n.1 (11th Cir. 2004).

of Regents, 212 F.3d 571, 587 (11th Cir. 2000). Conduct falling short of an ultimate employment decision must, in some substantial way, *"alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee."* Gupta, 212 F.3d at 587 (quotation and citation omitted.)

Plaintiff has not alleged an adverse employment action that is actionable under federal or state law. For instance, Plaintiff does not allege that she was demoted, transferred, or terminated because of her gender or exercise of statutory rights. The Complaint should be dismissed on this basis as well.

  **3.**   **<u>No claim for constructive discharge</u>**

A *"[c]onstructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces [her] to quit [her] job."* Bryant v. Jones, 575 F.3d 1281, 1298 (11th Cir. 2009) (internal marks omitted), cert. denied, 130 S. Ct. 1536, 176 L. Ed. 2d 115 (2010). Working conditions must be **objectively** *"unbearable"* such that *"a reasonable person in that person's position would be compelled to resign."* Id. (internal marks omitted). The standard for proving a constructive discharge is *"**<u>more onerous</u>**"* than that required to prove a hostile work environment. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1231 (11th Cir. 2001)(emphasis added).

Plaintiff has alleged **<u>no</u>** facts establishing that her *"working conditions became so hostile that no reasonable person would continue to work and be subjected to them."* At

most, Plaintiff alleges that a police officer committed acts **outside** of the workplace that made her uncomfortable. Simply stated, the Complaint fails to allege an **objectively** unbearable work environment based on sex or retaliation. As a result, Plaintiff's effort to state a claim for constructive discharge fails as a matter of law.

### B.      No Fourth Amendment claim under 42 U.S.C. § 1983 (Count V)

#### 1.      No unconstitutional policy or custom alleged

The City can only be liable under § 1983 *"when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."* of which Plaintiff complains. Monell v. Dep't. of Social Services, etc., 436 U.S. 658, 691 (1978); Mercado v. City of Orlando, 407 F.3d 1152 (11th Cir. 2005); Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). To establish the City's § 1983 liability based on a "custom," Plaintiff must allege facts establishing an unconstitutional practice so widespread that, *"although not authorized by written law or express municipal policy,"* it is *"so permanent and well settled as to constitute a custom or usage with the force of law."* Brown v. City of Fort Lauderdale, 923 F. 2d 1474, 1481 (11th Cir. 1991). The allegations must reflect a practice so *"long-standing and widespread,"* that it can be *"deemed authorized by the policy-making officials because they must have known about it but failed to stop it."* Id.

A failure to prevent an isolated incident, however, cannot be deemed tacit approval. *"Random or isolated incidents are insufficient to establish a custom or policy."* Depew v. City of St. Mary's, 787 F. 2d 1496, 1499 (11th Cir. 1986); Owaki v. City of Miami, 491 F. Supp. 2d 1140, 1158 (S.D. Fla. 2007).

Plaintiff's complaint is devoid of any allegations of fact establishing an official policy or a long standing City custom of allowing alleged illegal seizures such as to expose the City to §1983 liability. While the amended complaint broadly accuses the City of possessing a *"policy and practice. . . to permit, condone, and/or ratify the conduct of its police officers that exceeds said police officers' lawful authority related to the search and seizure of innocent individuals,"* and of using those customs and policies to subject Plaintiff to an *"unlawful and willful violation of Plaintiff's rights,"* it does **not** cite to a single other incident similar to Plaintiff's incident. Complaint (DE 1), ¶¶ 58, 61. Plaintiff has proffered no facts which would establish that any City policy or custom was the *"moving force"* behind Plaintiff's purported constitutional deprivation as required by Monell, supra. The §1983 claims against the City must be dismissed.

### 2.   No §1983 "failure to train" claim stated

Plaintiff's "failure to train" claim is similarly untenable. Plaintiff summarily alleges that the City *"inadequately and improperly supervise[d], investigate[d]"* and *"tolerated a patter of misconduct by certain police officers, including Defendant, Burgs."* Complaint (DE 1), ¶¶ 59-60. The appearance of the requisite "buzz words" aside, Plaintiff has failed to state any viable §1983 "failure to train" claim.

The City *"is not automatically liable under § 1983 even if it inadequately trained or supervised its police officers and those officers violated [the plaintiff's] constitutional rights. **Instead, the Supreme Court has explained that there are only 'limited circumstances' in which an allegation of a failure to train or supervise can be the basis for liability under § 1983."*** Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)(emphasis added),

citing City of Canton v. Harris, 489 U.S. 378, 387 (1989). *"These 'limited circumstances' occur only where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights."* Gold, 151 F.3d at 1350-51; citing Harris, 489 U.S. at 389-91; Kerr v. City of West Palm Beach, 875 F.2d 1546, 1555 (11th Cir.1989); Board of County Comm'rs v. Brown, 520 U.S. 397 (1997).

*"A plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants."* Gold, 151 F.3d at 1351-52; citing Harris, 489 U.S. at 388-89. *"To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train or supervise in a particular area and the municipality made a deliberate choice not to take any action."* Gold, 151 F.3d at 1351-52; citing Board of County Comm'rs v. Brown, 520 U.S. 397 (1997); Young v. City of Augusta, 59 F.3d 1160, 1171-72 (11th Cir.1995); Church v. City of Huntsville, 30 F.3d 1332, 1342-46 (11th Cir.1994); Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir.1990); Kerr v. City of West Palm Beach, 875 F.2d 1546, 1556-57 (11th Cir.1989).

The Eleventh Circuit *"repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise."* Gold, 151 F.3d at 1351-54 (claim under §1983 invalid in the absence of prior constitutional violations involving disorderly conduct statute); Church v. City of Huntsville, 30 F.3d 1332, 1342-46 (11th Cir.1994) (plaintiffs not likely to succeed on the merits of failure to train claim without proof that municipality was aware of a prior incident

in which constitutional rights were similarly violated); Popham v. City of Talladega, 908 F.2d 1561, 1564-65 (11th Cir.1990) (finding no liability for failure to train when no pattern of incidents put municipality on notice of a need to train); Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir.1990) (sheriff's department not liable for deputy's acts when *"no evidence of a history of widespread prior abuse ... put the sheriff on notice of the need for improved training or supervision"*); Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir.1987) (ten citizen complaints about defendant officer insufficient to put municipality on notice because plaintiff *"never demonstrated that past complaints of police misconduct had any merit"*).

*Sub judice*, Plaintiff's complaint contains no allegations of similar incidents and resulting constitutional violations to establish a known need for training. Plaintiff does not allege any widespread problem involving unlawful detention of individuals after the charges against them were dropped by the state attorney. The single alleged unlawful detention at issue simply is insufficient to show that the City was on notice of a need to train and deliberately chose not to act and properly train the police officers.

**WHEREFORE**, Defendant, City of Pembroke Pines, respectfully requests that this honorable Court enter an order dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 18TH day of November, 2015, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

                                      JOHNSON, ANSELMO, MURDOCH, BURKE,
                                      PIPER & HOCHMAN, P.A.
                                      **Attorneys for City of Pembroke Pines**
                                      2455 East Sunrise Boulevard, Suite 1000
                                      Fort Lauderdale, Florida 33304
                                      Telephone:   (954) 463-0100
                                      Facsimile:    (954) 463-2444

                                      BY*:  s/Christopher J. Stearns*
                                            E. BRUCE JOHNSON
                                            Florida Bar Number:. 262137
                                            CHRISTOPHER J. STEARNS
                                            Florida Bar Number:  557870

## SERVICE LIST

**SHAWN BIRKEN, ESQ.**
LAW OFFICES OF SHAWN BIRKEN, PA
100 Se 3rd Ave., Suite 1300
Fort Lauderdale, Florida 33394
Telephone:   (954) 990-4320
Facsimile:   (954) 990-4469
sbirken@birken-law.com
Acabello@birken-law.com

---

**E. BRUCE JOHNSON, ESQ.**
**CHRISTOPHER J. STEARNS, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for City of South Miami**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444
johnson@jambg.com
stearns@jambg.com